UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

SUJITTAR SINGH,

    Plaintiff,                                    CASE NO.:

vs.

YAMA RESTAURANTS, INC.,
a Florida Profit Corporation; and
YONG YAMAMOTO,
in her individual capacity,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, SUJITTAR SINGH (hereinafter "SINGH"), by and through the undersigned Counsel, and sues the Defendants, YAMA RESTAURANTS, INC., a Florida Profit Corporation, (hereinafter "YAMA") and YONG YAMAMOTO, in her individual capacity (hereinafter "YAMAMOTO") (YAMA and YAMAMOTO are hereinafter collectively referred to as "DEFENDANTS"), pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., and alleges the following:

### JURISDICTION AND VENUE

1.    This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    Venue lies within the Southern District of Florida, Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3. At all times material hereto, SINGH was a resident of Palm Beach County, Florida, and was an "employee" of YAMA as defined by the FLSA.

4. At all times material hereto, YAMA was duly authorized and licensed to do business in Palm Beach County, Florida. YAMA was SINGH's "employer" as defined by the FLSA. YAMA provided and continues to provide food and dining services to customers in the county through the operation of a Japanese restaurant.

5. At all times material hereto, YAMA was a privately held company in Delray Beach, Florida with annual gross sales and/or business volume of $500,000 or more.

6. In the advancement of its business, YAMA employed at least two (2) employees within the meaning of the FLSA.

7. In the advancement of its business, YAMA had/has many employees who regularly handled, sold, rented, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person. In the advancement of its business, YAMA engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

8. At all times material hereto, YAMAMOTO was and continues as President of YAMA, and controlled SINGH's duties, hours worked, and compensation. Accordingly, YAMAMOTO was an "employer" of SINGH within the meaning of 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

9. Plaintiff SINGH was employed as a chef by YAMA from November 2, 2020, through on or about November 29, 2020.

10. DEFENDANTS failed to pay SINGH her full and proper overtime wages for certain hours worked during her employment.

11. Specifically, DEFENDANTS failed to pay or otherwise withheld from SINGH her overtime earnings for the entirety of her employment with YAMA starting on November 2, 2020 and ending on November 29, 2020.  SINGH is owed for working 140 hours of overtime, in which she was not paid at all, let alone time and a half. SINGH is owed the overtime rate (time and a half time) for those hours worked, totaling **$4,462.50.**

12. The total amount due and owing to SINGH is **$4,462.50**, which is subject to change as SINGH engages in the discovery process, plus liquidated damages.  A breakdown of this amount is attached hereto as ***Exhibit A***.

13. DEFENDANTS have knowingly and willfully refused to pay SINGH her legally-entitled wages.

14. SINGH has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. SINGH has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

### COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") AGAINST ALL DEFENDANTS

16. Plaintiff SINGH realleges and incorporates the allegations in paragraphs 1 through 15 above as if fully set forth herein.

17. SINGH brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

18. At all relevant times, DEFENDANTS employed SINGH within the meaning of the FLSA.

19. During SINGH's employment with DEFENDANTS, and at all times relevant to this action, SINGH regularly worked overtime hours but was not paid time and one-half compensation for each additional hour she worked in excess forty (40) hours per week.

20. Specifically, SINGH is owed for working 140 hours of overtime for DEFENDANTS in which she was not paid.

21. The total amount due and owing to SINGH is **$4,462.50**, which is subject to change as SINGH engages in the discovery process, plus liquidated damages. See *Exhibit A*.

22. DEFENDANTS' actions as alleged in this complaint have been willful and intentional. DEFENDANTS have not made a good faith effort to comply with the FLSA with respect to the compensation of SINGH.

23. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

24. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

25. SINGH seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SUJITTAR SINGH, demands judgment against Defendants, YAMA RESTAURANTS, INC. and YONG YAMAMOTO, jointly and severally, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff, SUJITTAR SINGH, demands a trial by jury on all issues so triable.

Dated May 18, 2021.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email**: samantha@sconzolawoffice.com